FILED

00 APR 20 PM 3: 28

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 2 0 2000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HOLLY McWHIRTER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SAMUEL L. RUSSELL, in his individual and official capacity as District Attorney for Jefferson County, Alabama, Bessemer Division; BRADFORD STUCKEY; <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CV 99-BU-0989-S |

## Memorandum Opinion

In this action, Plaintiff Holly McWhirter brings claims against Defendants Samuel L. Russell and Bradford Stuckey, alleging liability under 42 U.S.C. § 1983 for violation of her constitutional rights and under Alabama tort law. Now before the Court is a "motion for summary judgment" filed March 15, 2000 by Defendant Samuel L. Russell (Doc. No. 17), ostensibly pursuant to Fed. R. Civ. P. 56. In support of his motion Russell has submitted a brief. However, he has filed no evidence, and there is none in the record. McWhirter was to have filed her response to the motion on or before April 5, 2000, but she has failed to do so. Treating the motion as one for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court concludes that it is due to be granted.

### I. TREATMENT OF THE MOTION

Russell styled the instant motion as one filed pursuant to Fed. R. Civ. P. 56, for

summary judgment. However, he has filed absolutely no evidence in support of his motion, and there is no evidence in the record. Instead he has chosen to rely entirely "upon the pleadings and [his] Brief in Support of [his] Motion for Summary Judgment." But statements of fact in his brief, not in proper affidavit form, are not themselves evidence and cannot be considered on a motion for summary judgment in determining if a genuine issue of material fact exists. Helmich v. Kennedy, 796 F.2d 1441, 1443 (11th Cir. 1986); Direct Media Corp. v. Camden Tel. and Tel. Co., Inc., 989 F.Supp. 1211, 1217 (S.D. Ga. 1997). Therefore, notwithstanding Russell's designation of his motion as one for summary judgment, his exclusive reliance upon the pleadings renders the motion one effectively seeking judgment on the pleadings under Fed. R. Civ. P. 12(c), and the Court will treat it as such. See Bennett v. Parker, 898 F.2d 1530, 1535 n.2 (11th Cir. 1990); Demandre v. Liberty Mutual Insurance Company, 264 F.2d 70, 72 (5th Cir. 1959)[1]; Dyal v. Union Bag-Camp Paper Corporation, 263 F.2d 387, 391 (5th Cir. 1959); Williams v. Cessna Aircraft Corp., 376 F.Supp. 603 (D. Miss 1974)

## II. APPLICABLE STANDARDS

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citation omitted). As with a motion to dismiss under Fed. R. Civ. P. 12(b)(6), when considering a motion for judgment on the pleadings, the facts in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party. Id. The complaint may not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

---

[1] All decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

entitle him to relief.'" Slagle v. ITT Hartford, 102 F.3d 494, 497 (11ᵗʰ Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957) & citing Hartford Fire Ins. Co. v. California, 509 U.S. 764, 811 (1993)).

## III. BACKGROUND

McWhirter's repleaded complaint[2] alleges the following facts: On or about February 11, 1997, McWhirter was a victim of domestic abuse at the hands of Defendant Bradford Stuckey, her husband of approximately four months. Employees of the Sheriff's Department of Jefferson County, Alabama responded to McWhirter's 911 call and completed an incident report. Thereafter, on March 26, 1997, McWhirter filed a sworn affidavit and caused a warrant to be issued for Stuckey's arrest by the District Attorney's office of the Bessemer Division of Jefferson County

On or about April 21, 1997, McWhirter arrived at the courthouse in Bessemer, Alabama at the appointed time for the prosecution of criminal charges against Stuckey. Jefferson County Assistant District Attorney ("A.D.A.") Michael Tucker was present, and after the case was called and Stuckey did not appear, Tucker informed the court that Stuckey had called to say that he had not had time to hire an attorney and asked if McWhirter and her attorney would be willing to drop the charges against him if he would sign divorce papers. McWhirter refused to do so and showed those present the marks on her hand from the violence inflicted upon her by Stuckey. Another court date was set for May 12, 1997. While leaving the courthouse, McWhirter and her attorney and her mother determined that the new trial date conflicted with other scheduled events and went back inside the courthouse to find out if another date could be set. While there, McWhirter and her attorney saw Stuckey; his mother; and his aunt, an employee of the

---

[2]McWhirter filed her original complaint on April 21, 1999. This Court ordered McWhirter to replead, which she did on July 13, 1999. References herein to the "Complaint" are actually to her repleaded complaint.

Alabama Bureau of Investigation, leaving the courthouse together.

Later that afternoon, McWhirter's attorney received word to contact A.D.A. Tucker, who informed him that two warrants had been issued for McWhirter's arrest, both sworn to by Stuckey on charges of assault. McWhirter alleges, upon information and belief, that Defendant Russell, as the District Attorney of Jefferson County, Bessemer Division, "by and through his employee and/or agents, and with the actions of others, jointly and severally caused" these warrants to be issued for her arrest. Complaint ¶ 15. That evening, McWhirter turned herself in to the Jefferson County Sheriff's Department. She was arrested and processed, and, after posting bond, was released. A trial was held on May 20, 1997, whereby McWhirter was found not guilty and Stuckey was found guilty of some offenses, which are not specified in the complaint filed in this case.

Subsequently, McWhirter filed this action, naming as defendants Russell, in both his individual and official capacities, and Stuckey.[3] McWhirter claims that Russell is liable under 42 U.S.C. § 1983 ("section 1983") for violating her constitutional rights. In support, she alleges that Russell, "individually and in his official capacity knowingly and/or with deliberate indifference" did the following:

> (1) "allowed and/or caused a system to exist that caused warrants to be issued by local magistrates in violation of Alabama Code §§15-7-2, 15-7-3, and 15-7-4 and without probable cause" (Complaint ¶ 20);
>
> (2) "caused and/or encouraged and/or allowed a system which allowed the issuance of a 'cross warrant,' a warrant such as that issued by the defendant Bradford Stuckey, a private person using state procedural laws to effectuate a purpose not intended by state law and not permitted by the United States Constitution, to wit, to gain an advantage over [McWhirter] by causing her to be arrested without probable cause, and using the warrant as leverage in an attempt to force her to drop prior criminal charges against him" (Complaint ¶ 21); and

---

[3]Because they are not implicated by the instant motion, the Court will not discuss the claims asserted against Stuckey.

(3) "caused or allowed his office to continue the prosecution of . . . McWhirter with knowledge that the warrants against her were made without probable cause . . . ." (Complaint ¶ 22).

McWhirter further alleges that Russell is liable under Alabama law for false imprisonment, see Complaint at 8-9, and for abuse of process, id. at 10-11.[4] In his motion, Russell contends that he is entitled to a judgment as a matter of law as to all claims asserted against him.

## IV. DISCUSSION

In his motion, Russell repeatedly argues that he is entitled to judgment on the theory that McWhirter has not offered, and will not be able to offer, substantial evidence in support of her claims against him. That very well may be true. But that completely misses the point. Even if this Court were to construe Russell's motion as one for summary judgment, given that there is absolutely no evidence in the record, he cannot prevail simply by asserting that McWhirter will not be able to meet her burden of proving the essential elements of her claims at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). Because Russell has not supplied or otherwise identified any evidence indicating the absence of a genuine issue of material fact, McWhirter has no burden to come forward at this time with evidence demonstrating the need for trial. Id. Rather, with the case in its present posture the question is merely whether McWhirter might recover based upon consideration of the pleadings, accepting as true the allegations of the complaint. See Demandre, supra.

### A. The Section 1983 Claim

---

[4] Russell also acknowledges that McWhirter has possibly asserted a claim against him under Alabama law for the tort of outrage. See Brief in Support of Summary Judgment at 8-9. However, the Court concludes that the outrage claim is asserted solely against Stuckey. See Complaint at pp. 7-8.

McWhirter's section 1983[5] claim against Russell appears to be based in part on the issuance of the warrants for her arrest and in part on the fact that she was subjected to a criminal prosecution. However, it is clear that Russell is correct in arguing that he enjoys absolute immunity to the extent that this claim is based upon his office's initiation and pursuit of criminal charges against McWhirter, even if done in bad faith. See Imbler v. Pachtman, 424 U.S. 409 (1976). Thus, her section 1983 claim is not viable on this theory.

Russell also argues that McWhirter's allegations regarding the issuance of the warrant are insufficient to state a proper claim under section 1983. To state a claim for relief, Rule 8 of the Federal Rules of Civil Procedure merely requires " 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Arnold v. Board of Educ. of Escambia County Ala., 880 F.2d 305, 309 (11th Cir. 1989) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Thus, the Federal Rules of Civil Procedure generally do not require a claimant to set forth in detail the facts upon which he bases his claim. Id. However, in this circuit, it is well established that a heightened pleading standard is applied to section 1983 claims against individual state actors, requiring some greater degree of factual detail in the pleadings, particularly in cases involving immunity. See id. at 309-10; Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir.1992); GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998).[6]

---

[5]42 U.S.C. § 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[6]It should be noted that two decisions by the Supreme Court strongly indicate that no greater pleading burdens should be imposed on section 1983 plaintiffs than are imposed on civil plaintiffs generally. See Crawford-El v. Britton, 523 U.S. 574 (1998); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993). See also

In this case, although McWhirter was ordered to replead her complaint, she gives only the vaguest allusion as to what alleged actions of Russell underlie her claim that he is liable under section 1983 for the issuance of the warrants that led to her arrest. She alleges only that Russell "caused" or "encouraged" or "allowed" a "system" to exist whereby arrest warrants might issue without probable cause and in violation of Alabama law and that this "system" caused the issuance (presumably improper in her mind) of the warrants for her arrest. She offers no further details about what this "system" might be, how it is lacking, or how Russell is legally responsible for it. Indeed, she acknowledges in her complaint that the warrants in this case were issued not by the district attorney's office, but by a local magistrate, for whose actions Russell would not be liable. Clearly, no constitutional claim against Russell is stated by merely alleging that an arrest warrant was issued in his jurisdiction and that such issuance was in violation of Alabama law[7] and without probable cause. But that is, in effect, what McWhirter appears to be arguing.

Moreover, to the extent that McWhirter might be obliquely implying that Russell is liable because it was his office that sought the warrants for her arrest, the Court concludes that Russell is correct that he is immune from such a claim, even if the warrants were procured in bad faith. A state prosecutor is entitled to absolute immunity for actions taken in connection with the preparing and filing of charging documents in

---

Helton v. Hawkins, 12 F.Supp.2d 1276, 1280 (M.D. Ala. 1998); Ross v. State of Alabama, 15 F.Supp.2d 1173, 1191-92 n.10 (M.D. Ala. 1998). However, the United States Court of Appeals for the Eleventh Circuit recently had occasion to discuss the heightened pleading standard applied to section 1983 claims and did not reject it, see Kyle K. v. Chapman, ___ F.3d ___, ___, 2000 WL 349880, *4 (11th Cir. April 5, 2000). While the Court might not impose the heightened pleading requirement on a section 1983 plaintiff if it was drawing on a blank slate, the Court does not feel free to reject precedent counseling its application. See Helton; Ross, supra.

[7]The Court would note that absent some infringement of a right protected by federal law, a plaintiff cannot recover under section 1983 by showing merely that a state actor violated state law. See, e.g., Sheik-Abdi v. McClellan, 37 F.3d 1240, 1249 (7th Cir. 1994)

connection with obtaining arrest warrants. See <u>Kalina v. Fletcher</u>, 118 S.Ct. 502, 509 (1997). It should be recognized that if Russell personally swore or attested to the truth of the facts in the application for an arrest warrant, he would not be protected by absolute immunity. See <u>id.</u> at 509-510. However, McWhirter has made no allegation that Russell or anyone from his office did so attest. Indeed, her complaint acknowledges that it was Stuckey who swore out the affidavits presented in support of warrants for her arrest. The Court concludes that Russell is entitled to judgment on McWhirter's section 1983 claim.

### B. The State Law Claims

McWhirter asserts that Russell is liable under Alabama state law for the torts of false imprisonment and abuse of process. Russell contends, however, that McWhirter cannot maintain her state law claims against him. The Court agrees. Although the alleged actions of Russell forming the basis of these claims is less than clear, what is evident is that the actions were within the scope of Russell's prosecutorial duties. Accordingly, he is absolutely immune under state law. See <u>Bogle v. Galanos</u>, 503 So. 2d 1217 (Ala. 1987).

### V. CONCLUSION

Based on the foregoing, Defendant Russell's "motion for summary judgment," which the Court has treated as a motion for judgment on the pleadings (Doc. No. 17) is due to be **GRANTED**. Accordingly, all claims against Russell are due to be **DISMISSED** with prejudice.

**DONE and ORDERED** this 20th day of April, 2000.

_____
H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE